E-FILED
Monday, 16 November, 2026 01:58:12 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| KENNADO K. TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:26-cv-01304-SEM-DJQ, |
| | ) | 1:26-cv-01320-SEM-DJQ, |
| LATOYA HUGHES, *et al.* | ) | 1:26-cv-01361-SEM-DJQ, |
| | ) | 1:26-cv-01437-SEM-DJQ |
| Defendants. | ) | |

# ORDER

Plaintiff, proceeding pro se and presently incarcerated at Pontiac Correctional Center, alleges Defendants violated his constitutional rights.

A. Motions to Proceed Without Prepayment of Fees

Plaintiff is a restricted filer due to his status as a litigant who has demonstrated rampant abuse of the federal court system. *Taylor v. Miller*, No. 20-2221, Doc. 14 at 4 (7th Cir. Oct. 9, 2020). As of today, he has filed **seventy-five lawsuits** in this district, **ten lawsuits** in the Southern District of Illinois, **thirty-five lawsuits** in the Northern District of Illinois, and **twenty** appeals in the Seventh Circuit. Plaintiff's Motions to Proceed in Forma Pauperis in these

four actions are before the Court and are denied for the following reasons.

The Prison Litigation Reform Act provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The district court applying this section must make its own determination regarding whether previous dismissals count against the limit stated in § 1915(g). *Hill v. Madison County, Ill.*, 983 F.3d 904, 906 (7th Cir. 2020).

Here, Plaintiff has on more than three prior occasions brought an action that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief could be granted. Indeed, as noted above, the Seventh Circuit has found Plaintiff to be an abusive litigant, sanctioned him for his litigation activities, and directed district courts to "return unfiled any papers submitted either directly or indirectly on behalf of [Plaintiff]," except in criminal cases, cases challenging the terms of his confinement, and

cases that Plaintiff "files while in imminent danger of serious physical injury, and that requests judicial aid in bringing that danger to an end." *Taylor v. Miller*, No. 20-2221, Doc. 14 at 4 (7th Cir. Oct. 9, 2020).

Accordingly, the Court turns to the imminent danger inquiry, which contains two prongs: imminence of the harm and nature of the danger. The Seventh Circuit has construed the imminence prong narrowly, holding that it is "an escape hatch for genuine emergencies," where "time is pressing" and "a threat … is real and proximate." *Heimermann v. Litxcher*, 337 F.3d 781 (7th Cir. 2003); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). The harm must be occurring "at the time the complaint is filed." *Ciarpaglini v. Saini*, 352 F.3d 328. 330 (7th Cir. 2003). The second prong requires that the alleged danger be of a "serious bodily injury." 28 U.S.C. § 1915(g).

Plaintiff is held at the South Mental Health wing at Pontiac Correctional Center.

In these four lawsuits, Plaintiff attempts to allege that a wide swath of Pontiac and IDOC security, medical, and administrative staff are causing him to exist constantly facing an "imminent

danger of serious harm." The densely packed handwritten allegations in the lawsuits overlap in many material respects. Plaintiff asserts Defendants are tampering with his food in an attempt to poison him to death and threatening him every day in a variety of ways. Plaintiff broadly alleges that many inmates are threatening to kill him, though he does not specify which inmates have threatened to do so, nor does he explain any specific risks. He asserts that on three days in September 2026 he did not receive timely doses of Suboxone and Gabapentin. He includes large blocks of caselaw quotations and discussions of legislative histories interspersed with his other allegations.

Plaintiff's absolute flurry of status reports, motions for injunctive relief, declarations, and attached documents indicate that Plaintiff is held variously in Residential Treatment Units, Behavioral Health Unit programs, and/or protective custody cells. The attachments to his many pleadings indicate that prison staff are actively working to provide him with physical and mental health treatment, and that Plaintiff is often in disagreement with them regarding the exact course of his treatment, specific medications that he will or will not be prescribed, specific housing

arrangements, and the use of certain security protocols, such as being handcuffed while outside his cell.

To be sure, Plaintiff writes out the legal conclusion that he faces an "imminent danger of serious physical harm" dozens and dozens of times. But his pleadings and the documents attached to them do not support a plausible finding that Plaintiff faces such a threat. Instead, the mass of papers that Plaintiff has written up, and continues writing up and filing, demonstrate that that he perceives essentially every interaction with prison employees and other inmates as a threat against his life. Those allegations do not indicate that Plaintiff faces an imminent risk of serious harm. "Courts … deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Ciarpaglini*, 352 F.3d at 331; *see also Box v. Duncan*, 2015 WL 4381754, at *3 (S.D. Ill. July 16, 2015) ("the allegations in total are irrational and delusional, and thus cannot support imminent danger under § 1915(g)"). Plaintiff's allegations fall into this category.

The requests to proceed in forma pauperis are denied and these actions are dismissed pursuant to the Seventh Circuit's Sanctions Order discussed above.

B. Motion to Request Counsel

Plaintiff's Motions to Request Counsel are also before the Court. Plaintiff attaches the same four letters that he received over a year ago from lawyers declining to represent him. The letters are dated June 24, July 28, August 19, and August 29, 2025. There is no indication that any request Plaintiff sent out was related to any of these actions rather than the many dozens of other lawsuits and appeals Plaintiff filed during that period. Plaintiff has not shown that he made a reasonable attempt to find a lawyer, or was prevented from doing so, before seeking Court assistance with finding lawyer(s) for these actions. Plaintiff has not made the threshold showing as required by *Pruitt v. Mote*, 503 F.3d 647, 653-655 (7th Cir. 2007).

**IT IS THEREFORE ORDERED:**

**1. Plaintiff's Motions to Proceed in Forma Pauperis in these actions are DENIED. Because Plaintiff has not plausibly alleged that he is in imminent danger of serious physical harm, these suits are DISMISSED pursuant to the Seventh Circuit's sanctions order. Judgment to enter for Defendants.**

**2. Plaintiff's Motions to Request Counsel are DENIED.**

**3. The remaining motions are MOOT.**

Entered November 16, 2026.

*s/ Sue E. Myerscough*

SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE